# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARTIN KERBER,

    *Plaintiff*,

vs.

DOUG GILLESPIE, *et al.*

    *Defendants*.

2:11-cv-01952-GMN-VCF

ORDER

This *pro se* civil rights suit by a former local detainee now in state custody comes before the Court for initial review. The initial partial filing fee has been paid.

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff Martin Kerber brings a civil rights action against the local sheriff, city, county, city council, and county commissioners seeking injunctive relief, compensatory damages for himself "and each inmate," and $2,000,000.00 in punitive damages for himself. Plaintiff challenges virtually every aspect of detention at Clark County Detention Center (CCDC), including, *inter alia*: that the facility does not offer unspecified accommodations for disabled inmates and detainees required under the Americans with Disabilities Act; overcrowding, including insufficient day room space and lack of room to exercise; alleged "overuse" of power, plumbing, water sewerage systems resulting in "disrepair," "deteriorated sanitary fixtures and hot water pipes with "deteriorating asbestos insulation;" failure to protect from excessive risk of earthquake activity; failure to protect from excessive fire hazard, given that doors and cell furnishings are made of wood, clothing is flammable, and "no cell is equipped with a fire extinguisher;"that there is unspecified "high physical violence," that the manner of food preparation and delivery is inadequate; that detainees and inmates who complain about

1 conditions are subjected to the threat of retaliatory placement in lockdown; that the grievance
2 procedure is ineffective because decisions never go against the officer; and that the facility
3 law library is inadequate because it relies upon requesting the correct material and there is
4 no active assistance provided in finding what is needed.  Petitioner seeks relief for all current
5 and future pretrial detainees and convicted inmates.[1]

6        The complaint fails to state a claim upon which relief can be granted.  The complaint
7 falls to allege the requisite actual injury in fact and personal individualized harm necessary
8 to establish that plaintiff has standing to challenge the multitudinous detention center
9 conditions that he seeks to challenge in this action.  *See,e.g., Lujan v. Defenders of Wildlife*,
10 504 U.S. 555, 560-61(1992)(setting forth constitutional standing requirements).  An inmate
11 challenging prison policies and seeking corrective injunctive relief must demonstrate that he
12 himself has sustained actual, personal, and individualized injury in specific instances as a
13 result of the alleged constitutional violation.  *E.g., Lewis v. Casey*, 518 U.S. 343, 357 (1996).
14 Alleging merely a laundry list of purported inadequate conditions at a facility does not allege
15 an adequate factual basis to establish standing.

16        In short, because of the fundamental jurisdictional requirement of standing, plaintiff
17 may not do what he has done here and file a complaint challenging every conceivable
18 constitutional violation that he believes has occurred at the facility without any allegation
19 reflecting that any such alleged violation has caused him actual injury in a specific incident
20 or incidents.  For example, plaintiff has no standing to pursue a claim challenging the
21 adequacy of accommodations for disabled detainees and inmates unless he himself has a
22 disability that requires such accommodation but was denied.

23        Moreover, over and above the substantial jurisdictional issue of standing presented on
24 the face of the complaint, plaintiff further may not pursue the rights of and seek relief for other

---

[1] With regard to the foregoing litany of alleged violations, the Court readily can infer that, among the various available alternatives for fire suppression, putting individual fire extinguishers in inmates' cells would be problematic for a number of reasons.  Moreover, eliminating all material that potentially is flammable under certain conditions – such as clothing – of course also would be problematic as well.

detainees and inmates. A *pro se* litigant may not do so because he has no authority as a non-attorney to assert claims on the behalf of persons other than himself. *See,e.g.,C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962).

Furthermore, all requests for injunctive relief presented in all events now are moot following upon plaintiff's transfer from the local detention center to state custody.

Finally, the allegations of the complaint fail to state a claim for relief against the municipal defendants, who are named in their official capacity. Municipal defendants cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability. A monetary damage claim against a local governmental entity or officer sued in an official capacity lies only when the alleged constitutional violation occurred pursuant to an official policy, custom or practice of the municipality. *See,e.g.,Butler v. Elle*, 281 F.3d 1014, 1026 n.9 (9th Cir. 2002); *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925 (9th Cir. 2001). The complaint does not contain any actual factual allegations in any way suggesting that the actions were undertaken pursuant to official policy, custom or practice.

The complaint therefore will be dismissed without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend to correct the deficiencies identified herein, to the extent possible.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint but shall withhold service at this time.

IT FURTHER IS ORDERED that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within **thirty (30) days** of entry of this order to correct the deficiencies in the complaint if possible.

IT FURTHER IS ORDERED that plaintiff shall clearly title any amended complaint filed as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **2:11-cv-01952-GMN-VCF**, above the word "AMENDED" in the space for "Case No." Under

Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk shall provide plaintiff with two copies of a blank § 1983 complaint form and one copy of the instructions for same, along with a copy of the original complaint that was submitted.

If an amended complaint is filed in response to this order, the Court will screen the amended pleading before ordering any further action in this case.

If plaintiff does not timely mail an amended complaint to the Clerk for filing, or if the amended complaint does not correct the deficiencies identified in this order, final judgment will be entered dismissing the action, without further advance notice beyond this order.

DATED this 22nd day of June, 2012.

_____
Gloria M. Navarro
United States District Judge